No. 28,419.

G. A. RHODES, *Appellee*, v. SAM AUSTIN, *Appellant.*

(274 Pac. 271.)

Opinion filed February 9, 1929.

*H. O. Trinkle,* of Garden City, for the appellant.

*Edgar Foster* and *Horace J. Foster,* both of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued Sam Austin and his son, Jean Austin, to recover $121.98 on an account for labor, materials and expenses in making repairs on a truck owned by Jean Austin. Judgment was rendered against both defendants in favor of the plaintiff for the amount sued for, and the defendant Sam Austin appeals. Jean Austin does not appeal.

The defense of Sam Austin was that he was not an owner, part owner, or interested in the truck on which the materials had been placed, the labor performed, and the repairs made, and that the truck was entirely the property of his son, Jean Austin.

The question presented is one of the sufficiency of the evidence to sustain the judgment against Sam Austin. The plaintiff argues that the following evidence was sufficient to support the judgment. The plaintiff testified that:

"It was a Chevrolet truck . . . The driver brought it in. I never saw any of the Austins, that visit. On the 21st of October, this driver had a wreck, Mr. Austin (Sam) and Jean were in Colorado and the other son, Ed, came to me and told me to pull it in. It set in my place of business for two or three days and he came and wanted to know if I had done anything with it. I wired to Denver for a new frame and when I got it I had to take the grain bed off, or sand bed, and the motor and install the new frame. Right after that they got stuck in the sand pit and Mr. Austin—Mr. Sam Austin—came to the garage and gave me permission to put the springs they had broken in. . . . I never saw Jean driving it; a driver was in control of it. When I put

this spring in, Sam Austin came to the garage himself and told me not to let anybody have the truck; he finally brought a driver and took it out, Sam did. Sam said he didn't believe the driver was competent and not to let him have the truck, I don't know who this driver was."

Sam Austin testified in substance as follows:

"I loaned him (Jean) the money to make the first payment on this truck; my wife and I made him a loan to make the first payment, and I subsequently gave him $50 once to make a payment with. He had to make a payment of $83 and something and that made $600 I had against the truck. Jean never gave me a note or mortgage for the money I loaned him; we just financed him. When he was leaving he wanted to give me the truck for what he owed me, but I told him I didn't want the truck and he traded it on a Chevrolet car, and I afterwards became the owner of the car, it belongs to I and my wife. Up to the time of the attachment Jean had been using the car."

A constable of Finney county testified in substance as follows:

"I served the attachment in this case on the Chevrolet car. I found Jean and told him I was attaching the car for Mr. Rhodes and we drove around and found Sam and Sam said that it was his (Sam's) car, Jean said nothing at the time I was attaching it."

The evidence further disclosed that the bill for the repairs was charged to Jean Austin; that such payments as were made thereon were made by him; and that when the truck was being repaired Jean Austin was in Colorado. Outside of what is above outlined there was no evidence to show that Sam Austin was the owner of or interested in the truck. The truck was used by Jean Austin in the trucking business. The evidence does not disclose that Sam Austin was interested in that business in any way whatever. There was no evidence to show that Sam Austin contracted for repairs on the truck, nor that he delivered the truck to the plaintiff for the purpose of having those repairs made. The most that the evidence established was a fatherly interest in the affairs of his son, Jean Austin.

Sam Austin cannot be held liable on the account until it is shown that he contracted for the repairs; or that he was in some way interested in the truck or in the business in which it was used; or that in writing he had agreed to pay for the repairs. There being no evidence to show any of these facts, it must be held that the evidence was not sufficient to support the verdict.

The judgment is reversed, and the trial court is directed to render judgment in favor of the defendant, Sam Austin.